UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER LENARD BLOCKSON,<br><br>　　Petitioner,<br><br>v.<br><br>JERRY HOWELL, *et al.*,<br><br>　　Respondents. | Case No. 2:21-cv-00731-GMN-VCF<br><br>**ORDER** |

In this habeas corpus action, brought *pro se* by Christopher Lenard Blockson, the respondents have filed a Motion for Leave to File Exhibits Under Seal (ECF No. 41, filed under seal February 4, 2022). Blockson did not respond to that motion. The documents that Respondents seek to file under seal—their Exhibits 9 and 10—are pre-sentence investigation reports. While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). The presentence investigation reports filed by Respondents contain information that could be used for improper purposes. In view of the state law, and considering the nature of the information in presentence investigation reports, the Court finds that there is good cause for the exhibits in question to be filed under seal.

///

///

**IT IS THEREFORE ORDERED** that Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 41) is **GRANTED**. Respondents are granted leave of court to file their Exhibits 9 and 10 under seal. As those exhibits have already been filed under seal (ECF Nos. 42 and 43), no further action is necessary in this regard.

DATED THIS __23__ day of _____February_____, 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE