UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER LENARD BLOCKSON,

    Petitioner,

v.

WILLIAM HUTCHINGS, *et al.*,

    Respondents.

Case No. 2:21-cv-00731-GMN-VCF

**ORDER**

**I.    SUMMARY**

This action is a pro se petition for writ of habeas corpus by Christopher Lenard Blockson, an individual incarcerated at Nevada's Southern Desert Correctional Center. The respondents have filed a motion to dismiss. The Court will grant the motion to dismiss in part and deny it in part and will dismiss two of Blockson's three claims for habeas corpus relief.

**II.    BACKGROUND**

In 2018, Blockson was charged with cruelty to animals, ownership or possession of a firearm by a prohibited person, and discharge of a firearm from within a structure or vehicle. Information, Exh. 5 (ECF No. 36-5). On December 21, 2018, Blockson entered into a plea agreement and pled guilty in Nevada Eighth Judicial District Court (Clark County) to cruelty to animals and ownership or possession of a firearm by a prohibited person. Guilty Plea Agreement, Exh. 7 (ECF No. 36-7); Transcript of Arraignment, December 21, 2018, Exh. 8 (ECF No. 36-8). The parties agreed to a sentence of 19 to 48 months in prison for the cruelty to animals and a consecutive 28 to 72 months in prison for the possession of a firearm by a prohibited person. *Ibid*. Blockson agreed to pay restitution and forfeit the firearm. *Ibid*. The State agreed not to make a federal referral and not to seek habitual criminal treatment. *Ibid*. The State also agreed to

dismissal of the charge of discharging a firearm from within a structure or vehicle. *Ibid*. Blockson was sentenced on April 16, 2019. Transcript of Sentencing, April 16, 2019, Exh. 13 (ECF No. 36-13). He was sentenced, consistent with the guilty plea agreement, to 19 to 48 months in prison for the cruelty to animals and a consecutive 28 to 72 months in prison for the possession of a firearm by a prohibited person, which, aggregated, amounts to 47 to 120 months in prison. *Id*. The judgment of conviction was filed on April 22, 2019. Judgment of Conviction, Exh. 14 (ECF No. 36-14).

Blockson appealed from the judgment of conviction, but he subsequently withdrew his appeal. *See* Notice of Appeal, Exh. 16 (ECF No. 36-16); Notice of Withdrawal of Appeal, Exh. 45 (ECF No. 37-27); Order Dismissing Appeal, Exh. 46 (ECF No. 37-28).

On February 13, 2020, Blockson filed a pro se petition for writ of habeas corpus in the state district court. Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 50 (ECF No. 37-32). The state district court denied Blockson's petition on May 5, 2020. Order, Exh. 53 (ECF No. 37-35). Blockson appealed. Notice of Appeal, Exh. 58 (ECF No. 37-40); Appellant's Informal Brief, Exh. 65 (ECF No. 38-5) (Case No. 81360). The Nevada Court of Appeals affirmed on March 5, 2021. Order of Affirmance, Exh. 75 (ECF No. 38-15).

On December 18, 2020, Blockson filed a second petition for writ of habeas corpus in the state district court. Petition for Writ of Habeas Corpus, Good and Work Time, Meritorious Award Calculations, Exh. 68 (ECF No. 38-8). The state district court denied that petition on February 27, 2021. Decision and Order, Exh. 73 (ECF No. 38-13). Blockson appealed. Notice of Appeal, Exh. 76 (ECF No. 38-16) (Case No. 82646). On October 7, 2021, the Nevada Court of Appeals affirmed. Order of Affirmance, Exh. 110 (ECF No. 39-25).

On March 25, 2021, Blockson filed, in the state district court, a motion to modify or correct illegal sentence. Motion to Modify or Correct Illegal Sentence, Exh. 81 (ECF No. 38-21). The state district court denied that motion on April 14, 2021. Order,

Exh. 86 (ECF No. 39-1). Blockson appealed. Notice of Appeal, Exh. 87 (ECF No. 39-2); Appellant's Informal Brief, Exh. 96 (ECF No. 39-11) (Case No. 82860). On August 30, 2021, the Nevada Court of Appeals affirmed, but remanded for entry of an amended judgment correcting a clerical error. Order of Affirmance and Remanding to Correct the Judgment of Conviction, Exh. 100 (ECF No. 39-15). The amended judgment of conviction was filed on October 4, 2021. Amended Judgment of Conviction, Exh. 107 (ECF No. 39-22).

On August 13, 2021, Blockson filed, in the state district court, a motion to overturn and vacate his conviction. Motion to Overturn and Vacate Conviction for Outrageous Government Conduct and Recusal of Judge Weiss and District Attorney's Office, Exh. 99 (ECF No. 39-14). The state district court denied that motion on October 4, 2021. Order, Exh. 108 (ECF No. 39-23). Blockson appealed. Notice of Appeal, Exh. 111 (ECF No. 40-1) (Case No. 83656). It appears that Blockson's appeal in that case remains pending.

Blockson initiated this federal habeas corpus action on May 3, 2021, by submitting for filing a pro se petition for writ of habeas corpus (ECF No. 9). Blockson's habeas petition sets forth three grounds for relief:

> Ground 1: Blockson's sentence on the conviction of cruelty to animals violates his federal constitutional right to due process of law because he pled guilty to, and was convicted of, a misdemeanor, not a felony.
>
> Ground 2: Blockson's conviction and sentence for cruelty to animals are in violation of his federal constitutional right to due process of law because "[t]he prosecutor maliciously rewrote the cruelty to animals statute."
>
> Ground 3: Blockson's conviction and sentence are in violation of his federal constitutional right to effective assistance of counsel because he was not appointed counsel for his state post-conviction proceedings, and he had limited access to the law library during those proceedings.

Petition for Writ of Habeas Corpus (ECF No. 9).

Respondents filed their motion to dismiss on February 4, 2022 (ECF Nos. 35 and 44 (corrected image)). In that motion, Respondents argue that Grounds 1, 2 and 3 of Blockson's habeas petition are not cognizable in this federal habeas corpus action and

do not state claims upon which federal habeas relief could be granted; that Ground 2 is procedurally defaulted and is barred by *Tollett v. Henderson*, 411 U.S. 258 (1973); and that Ground 3 is unexhausted in state court. *See* Motion to Dismiss (ECF No. 44), pp. 5–9. Blockson filed an opposition to the motion to dismiss on February 18, 2022 (ECF No. 45). Respondents filed a reply on June 20, 2022 (ECF No. 54).

### III.  DISCUSSION

#### A.  Ground 1

In Ground 1, Blockson claims that his sentence for cruelty to animals violates his federal constitutional right to due process of law because he pled guilty to, and was convicted of, a misdemeanor, not a felony. Petition for Writ of Habeas Corpus (ECF No. 9), pp. 3–4.

Respondents argue in their motion to dismiss that Ground 1 is not cognizable in this federal habeas corpus action and does not state a claim upon which federal habeas relief could be granted. Motion to Dismiss (ECF No. 44), p. 5.

The Court determines that Respondents' arguments regarding Ground 1 are intertwined with the merits of the claim, such that those arguments will be better addressed after Respondents file an answer and Blockson files a reply, fully briefing the merits of the claim. The Court will, therefore, deny Respondents' motion to dismiss Ground 1, without prejudice to Respondents making the same arguments with respect to Ground 1 in their answer (along with their briefing of the merits of the claim).

#### B.  Ground 2

In Ground 2, Blockson claims that his conviction and sentence for cruelty to animals are in violation of his federal constitutional right to due process of law because "[t]he prosecutor maliciously rewrote the cruelty to animals statute." Petition for Writ of Habeas Corpus (ECF No. 9), pp. 5–6. In other words, as the Court understands this claim, Blockson alleges that the State committed misconduct by mischaracterizing the cruelty to animals statute or that the State maliciously prosecuted him. *See id*. Notably,

though, Blockson does not claim that his guilty plea was unknowing or involuntary. *See id*. at 7 (stating, in Ground 3: "I do not wish to withdraw my plea. I wish to enforce it.").

Respondents argue in their motion to dismiss that Ground 2 is not cognizable in this federal habeas corpus action and does not state a claim upon which federal habeas relief could be granted; that it is procedurally defaulted; and that it is barred by *Tollett*. Motion to Dismiss (ECF No. 44), p. 5.

Without a claim that his guilty plea was unknowing or involuntary, there is no ground for a writ of habeas corpus based on prosecutorial misconduct or malicious prosecution, such as that alleged by Blockson, which allegedly occurred prior to his guilty plea. Blockson's allegations in Ground 2 do not state a claim upon which habeas corpus relief could be granted. *See Tollett*, 411 U.S. at 266–67 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Moreover, and in the alternative, the Court determines that Ground 2 is procedurally defaulted, and that Blockson makes no showing to overcome the procedural default. Blockson asserted this claim in state court in his first state habeas action. Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 50, p. 9 (ECF No. 37-32, p. 11). On the appeal in that action, the Nevada Court of Appeals ruled on the claim as follows:

> These claims were outside the scope of a postconviction petition for a writ of habeas corpus challenging a judgment of conviction entered pursuant to a guilty plea because these claims did not allege that his plea was involuntary or unknowingly entered or that his plea was entered without the effective assistance of counsel. *See* NRS 34.810(1)(a). Therefore, we conclude that the district court did not err by denying these claims.

Order of Affirmance, Exh. 75, p. 1 (ECF No. 38-15, p. 2). Then, Blockson asserted this claim again in his motion to modify or correct illegal sentence. Motion to Modify or Correct Illegal Sentence, Exh. 81 (ECF No. 38-21, pp. 5–7). On the appeal regarding the denial of that motion, the Nevada Court of Appeals ruled on the claim as follows:

> Blockson also claimed that the State maliciously prosecuted him. This claim fell outside the narrow scope of claims permissible in a rnotion to modify or correct a sentence. *See* [*Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996)]. Therefore, we conclude the district court did not err by denying this claim.

Order of Affirmance and Remanding to Correct the Judgment of Conviction, Exh. 100, p. 3 (ECF No. 39-15, p. 4). A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted). A discretionary state procedural rule can serve as an adequate ground to bar federal habeas review because, even if discretionary, it can still be "firmly established" and "regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009). Also, a rule is not automatically inadequate "upon a showing of seeming inconsistencies" given that a state court must be allowed discretion "to avoid the harsh results that sometimes attend consistent application of an unyielding rule." *Walker v. Martin*, 562 U.S. 307, 320 (2011). To demonstrate cause for a

procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). Here, the Nevada Court of Appeals ruled this claim procedurally barred by Nev. Rev. Stat. § 34. 810(1)(a) on the appeal in Blockson's first state habeas action, and by rules established in the *Edwards* case on the appeal of the denial of Blockson's motion to modify or correct illegal sentence. There is no showing that those state-law procedural bars were other than independent and adequate; there is no showing of cause and prejudice; there is no showing of a miscarriage of justice. Therefore, Ground 2 is barred in this case by the procedural default doctrine, and this is an alternative ground for the dismissal of Ground 2.

The Court will grant Respondents' motion to dismiss Ground 2, and will dismiss that claim, on the grounds that it is not cognizable in this federal habeas corpus action, that it does not state a claim on which habeas corpus relief could be granted, that it is barred by *Tollett*, and that it is barred by the procedural default doctrine.

**C.     Ground 3**

In Ground 3, Blockson claims that his conviction and sentence are in violation of his federal constitutional right to effective assistance of counsel because he was not appointed counsel for his state post-conviction proceedings, and because he had limited access to the law library during those proceedings. Petition for Writ of Habeas Corpus (ECF No. 9), pp. 7–8.

Respondents argue in their motion to dismiss that Ground 3 is not cognizable in this federal habeas corpus action, that it does not state a claim upon which federal

7

habeas relief could be granted, and that it is unexhausted in state court. Motion to Dismiss (ECF No. 44), pp. 6, 8.

The Court agrees that Blockson's claims in Ground 3 are not cognizable in this federal habeas corpus action. Claimed errors during state post-conviction proceedings are not cognizable in federal habeas corpus proceedings under 28 U.S.C. § 2254. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Carriger v. Stewart*, 95 F.3d 755, 763 (9th Cir. 1996), *vacated on other grounds*, 132 F.3d 463 (1997).

As for Respondents' other argument regarding Ground 3—that the claim is unexhausted in state court—Blockson concedes that the claim is unexhausted, and he states that he wishes to abandon the claim. *See* Opposition to Motion to Dismiss, p. 32 (ECF No. 45-1, p. 8) ("Petitioner concedes that ground three is unexhausted. I therefore drop ground three.").

The Court will grant Respondents' motion to dismiss Ground 3, and will dismiss that claim, on the ground that it is not cognizable in this federal habeas corpus action, on the ground that it does not state a claim upon which federal habeas corpus relief could be granted, and on the ground that Blockson concedes the claim is unexhausted and abandons it.

## IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 44) is **GRANTED IN PART AND DENIED IN PART**. Grounds 2 and 3 of the Petition for Writ of Habeas Corpus (ECF No. 9) are dismissed; in all other respects, the Motion to Dismiss is denied.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to file an answer, responding to Ground 1 of the Petition for Writ of Habeas Corpus.

///

///

1 **IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered July 8, 2021 (ECF No. 8) will remain in effect (Petitioner will have 60 days to file a reply to Respondents' answer).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), William Hutchings is substituted for Jerry Howell as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 25 day of July, 2022.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE