UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER LENARD BLOCKSON, | Case No. 2:21-cv-00731-GMN-VCF |
| Petitioner, | |
| v. | **ORDER** |
| GABRIELLA NAJERA, *et al.*, | |
| Respondents. | |

## I.  SUMMARY

This action is a pro se petition for writ of habeas corpus by Christopher Lenard Blockson, an individual incarcerated at Nevada's Southern Desert Correctional Center, in Indian Springs, Nevada. The case is before the Court for resolution on its merits. The Court will deny Blockson's petition and will deny him a certificate of appealability.

## II.  BACKGROUND

In 2018, Blockson was charged with cruelty to animals, ownership or possession of a firearm by a prohibited person, and discharge of a firearm from within a structure or vehicle. Information, Exh. 5 (ECF No. 36-5). On December 21, 2018, Blockson entered into a plea agreement and pled guilty in Nevada's Eighth Judicial District Court (Clark County) to cruelty to animals and ownership or possession of a firearm by a prohibited person. Guilty Plea Agreement, Exh. 7 (ECF No. 36-7); Transcript of Arraignment, December 21, 2018, Exh. 8 (ECF No. 36-8). The parties agreed to a sentence of 19 to 48 months in prison for the cruelty to animals and a consecutive 28 to 72 months in prison for the possession of a firearm by a prohibited person. *Ibid*. Blockson agreed to pay restitution and forfeit the firearm. *Ibid*. The State agreed not to make a federal referral and not to seek habitual criminal treatment. *Ibid*. The State also agreed to dismiss the charge of discharging a firearm from within a structure or vehicle. *Ibid*.

Blockson was sentenced on April 16, 2019. Transcript of Sentencing, April 16, 2019, Exh. 13 (ECF No. 36-13). He was sentenced, consistent with the guilty plea agreement, to 19 to 48 months in prison for the cruelty to animals and a consecutive 28 to 72 months in prison for the possession of a firearm by a prohibited person, which, aggregated, amounted to 47 to 120 months in prison. *Ibid*. The judgment of conviction was filed on April 22, 2019. Judgment of Conviction, Exh. 14 (ECF No. 36-14).

Blockson appealed from the judgment of conviction, but he subsequently withdrew his appeal. *See* Notice of Appeal, Exh. 16 (ECF No. 36-16); Notice of Withdrawal of Appeal, Exh. 45 (ECF No. 37-27); Order Dismissing Appeal, Exh. 46 (ECF No. 37-28).

On February 13, 2020, Blockson filed a pro se petition for writ of habeas corpus in the state district court. Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 50 (ECF No. 37-32). The state district court denied Blockson's petition on May 5, 2020. Order, Exh. 53 (ECF No. 37-35). Blockson appealed. Notice of Appeal, Exh. 58 (ECF No. 37-40); Appellant's Informal Brief, Exh. 65 (ECF No. 38-5) (Case No. 81360). The Nevada Court of Appeals affirmed on March 5, 2021. Order of Affirmance, Exh. 75 (ECF No. 38-15).

On December 18, 2020, Blockson filed a second petition for writ of habeas corpus in the state district court. Petition for Writ of Habeas Corpus, Good and Work Time, Meritorious Award Calculations, Exh. 68 (ECF No. 38-8). The state district court denied that petition on February 27, 2021. Decision and Order, Exh. 73 (ECF No. 38-13). Blockson appealed. Notice of Appeal, Exh. 76 (ECF No. 38-16) (Case No. 82646). On October 7, 2021, the Nevada Court of Appeals affirmed. Order of Affirmance, Exh. 110 (ECF No. 39-25).

On March 25, 2021, Blockson filed, in the state district court, a motion to modify or correct illegal sentence. Motion to Modify or Correct Illegal Sentence, Exh. 81 (ECF No. 38-21). The state district court denied that motion on April 14, 2021. Order,

Exh. 86 (ECF No. 39-1). Blockson appealed. Notice of Appeal, Exh. 87 (ECF No. 39-2); Appellant's Informal Brief, Exh. 96 (ECF No. 39-11) (Case No. 82860). On August 30, 2021, the Nevada Court of Appeals affirmed, but remanded for entry of an amended judgment correcting a clerical error. Order of Affirmance and Remanding to Correct the Judgment of Conviction, Exh. 100 (ECF No. 39-15). The amended judgment of conviction was filed on October 4, 2021. Amended Judgment of Conviction, Exh. 107 (ECF No. 39-22).

On August 13, 2021, Blockson filed, in the state district court, a motion to overturn and vacate his conviction. Motion to Overturn and Vacate Conviction for Outrageous Government Conduct and Recusal of Judge Weiss and District Attorney's Office, Exh. 99 (ECF No. 39-14). The state district court denied that motion on October 4, 2021. Order, Exh. 108 (ECF No. 39-23). Blockson appealed. Notice of Appeal, Exh. 111 (ECF No. 40-1) (Case No. 83656). The Nevada Court of Appeals dismissed that appeal. *See* Order Dismissing Appeal, Exh. 1 to Petitioner's Motion to Expand Record (ECF No. 60).

Blockson initiated this federal habeas corpus action on May 3, 2021, by submitting for filing a pro se petition for writ of habeas corpus (ECF No. 9). Blockson's habeas petition sets forth three grounds for relief:

Ground 1:  Blockson's sentence on the conviction of cruelty to animals violates his federal constitutional right to due process of law because he pled guilty to, and was convicted of, a misdemeanor, not a felony.

Ground 2:  Blockson's conviction and sentence for cruelty to animals are in violation of his federal constitutional right to due process of law because "[t]he prosecutor maliciously rewrote the cruelty to animals statute."

Ground 3:  Blockson's conviction and sentence are in violation of his federal constitutional right to effective assistance of counsel because he was not appointed counsel for his state post-conviction proceedings, and he had limited access to the law library during those proceedings.

Petition for Writ of Habeas Corpus (ECF No. 9).

Respondents filed a motion to dismiss on February 4, 2022 (ECF Nos. 35 and 44 (corrected image)). In that motion, Respondents argued that Grounds 1, 2 and 3 of

Blockson's habeas petition are not cognizable in this federal habeas corpus action and do not state claims upon which federal habeas relief could be granted; that Ground 2 is procedurally defaulted and is barred by *Tollett v. Henderson*, 411 U.S. 258 (1973); and that Ground 3 is unexhausted in state court. *See* Motion to Dismiss (ECF No. 44), pp. 5–9. The Court granted the motion to dismiss in part, and denied it in part, in an order entered on July 25, 2022 (ECF No. 55). The Court determined that Respondents' arguments regarding Ground 1 were intertwined with the merits of the claim, such that those arguments would be better addressed together with the merits of the claim after full merits briefing; the Court, therefore, denied Respondents' motion to dismiss Ground 1, without prejudice to Respondents making the same arguments with respect to Ground 1 in their answer (along with their briefing of the merits of the claim). Order entered July 25, 2022 (ECF No. 55), p. 4.  The Court granted Respondents' motion to dismiss Ground 2, and dismissed that claim, on the grounds that it is not cognizable in this federal habeas corpus action, that it does not state a claim on which habeas corpus relief could be granted, that it is barred by *Tollett*, and that it is barred by the procedural default doctrine. *Id*. at 4–7. The Court granted Respondents' motion to dismiss Ground 3, and dismissed that claim, on the grounds that it is not cognizable in this federal habeas corpus action, that it does not state a claim upon which federal habeas corpus relief could be granted, and that Blockson conceded the claim is unexhausted and abandoned it. *Id*. at 7–8.

Respondents filed their answer on October 24, 2022 (ECF No. 65) and Blockson filed his reply on November 7, 2022 (ECF No. 72).

III.    **DISCUSSION**

A.    **Ground 1**

In Ground 1, Blockson claims that his sentence for cruelty to animals violates his federal constitutional right to due process of law because he pled guilty to, and was convicted of, a misdemeanor, not a felony. Petition for Writ of Habeas Corpus (ECF No. 9), pp. 3–4.

4

In fact, the Nevada statute under which Blockson pled guilty and was convicted of cruelty to animals, Nev. Rev. Stat. § 574.100, plainly provides that a willful and malicious violation of subsection (1)(a) of the statute is a felony:

> NRS 574.100. Torturing, overdriving, injuring or abandoning animals; failure to provide proper sustenance; requirements for restraining dogs and using outdoor enclosures; horse tripping; penalties; exceptions
>
> 1. A person shall not:
>
> (a) Torture or unjustifiably maim, mutilate or kill:
>
> (1) An animal kept for companionship or pleasure, whether belonging to the person or to another; or
>
> (2) Any cat or dog;
>
> *   *   *
>
> 6. A person who willfully and maliciously violates paragraph (a) of subsection 1:
>
> (a) Except as otherwise provided in paragraph (b), is guilty of a category D felony and shall be punished as provided in NRS 193.130.
>
> (b) If the act is committed in order to threaten, intimidate or terrorize another person, is guilty of a category C felony and shall be punished as provided in NRS 193.130.

Nev. Rev. Stat. § 574.100.

In the Information, the prosecution charged that Blockson "committed the [crime] of Cruelty to Animals (Category D Felony - NRS 574.100.1a - NOC 55977)," and that he "did willfully, unlawfully, maliciously and feloniously, torture or unjustifiably maim, mutilate or kill a Pit Bull dog, by shooting and/or stabbing and/or cutting said dog, and/or by failing to get medical treatment for said dog." Information, Exh. 5 (ECF No. 36-5), pp. 1–2.

In the guilty plea agreement that he signed, Blockson agreed to plead guilty to "Count 1 – Cruelty to Animals (Category D Felony - NRS 574.100.1a - NOC 55977)" … "as more fully alleged in the charging document attached hereto as Exhibit 1." Guilty Plea Agreement, Exh. 7 (ECF No. 36-7), p. 1. The guilty plea agreement stated that "[a]s to Count 1, the parties agree to a sentence of nineteen (19) to forty-eight (48)

months in the Nevada Department of Corrections." *Ibid.* The guilty plea agreement also stated: "As to Count 1, I understand that as a consequence of my plea of guilty The Court must sentence me to imprisonment in the Nevada Department of Corrections for a minimum term of not less than one (1) year and a maximum term of not more than four (4) years." *Id*. at 2. A copy of the Information was attached to the guilty plea agreement as Exhibit 1. *Id*. (ECF No. 36-7 at 9–10).

At the hearing at which he entered his guilty plea, Blockson told the judge that he read and understood the guilty plea agreement before he signed it. Transcript of Arraignment, December 21, 2018, Exh. 8 (ECF No. 36-8), p. 5. Blockson also stated that he understood that the range of punishment for Count 1 was one to four years. *Id*. at 6. Blockson answered "[y]es, sir," when asked if, "on or about the fourth day of April 2018 in Clark County, Nevada, contrary to the laws of the State of Nevada, on Count One, [he] did willfully, unlawfully, maliciously and feloniously torture or unjustifiably maim, mutilate or kill a Pitbull dog by shooting or stabbing or cutting said dog and/or failing to get medical treatment for said dog." *Id*. at 7–8.

At the sentencing hearing, there was no question raised regarding Blockson being charged with and pleading guilty to a felony in Count 1. *See* Transcript of Sentencing, April 16, 2019, Exh. 13 (ECF No. 36-13).

In his motion to modify and/or correct illegal sentence, Blockson did assert the claim in Ground 1: that willful and malicious violation of Nev. Rev. Stat. § 574.100(1)(a) is a misdemeanor, not a felony, and that his felony sentence is in violation of his constitutional right to due process of law. *See* Motion to Modify and/or Correct Illegal Sentence, Exh. 81 (ECF No. 38-21). The state district court denied the motion. Order, Exh. 86 (ECF No. 39-1). The state district court stated:

> If the Court considers the merits of the Petition, with regard to Ground 1, it appears that the Petitioner is misinterpreting NRS 574.100. NRS 574.100(6) states in relevant part that a person who "willfully and maliciously" violates NRS 574.100(1)(a) "is guilty of a category D felony." The Petitioner's argument that he was not charged with a violation of NRS 574.100(1) is belied by the record, as the Information alleges this violation,

and indicates that he was being charged with the Category D felony portion of the statute.

\*    \*    \*

Defendant has failed to meet his burden in establishing that his Due Process rights or any other rights were violated.

*Id*. at 6, 8. Blockson appealed, and the Nevada Court of Appeals' ruling, in its entirety, was as follows:

Christopher Lenard Blockson appeals from a district court order denying a motion to correct illegal sentence and a motion to appoint counsel filed on March 25, 2021. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

In his motion, Blockson claimed his sentence of 19 to 48 months in prison was improper because the sentence exceeds the permissible sentence for misdemeanor animal cruelty. A sentence "at variance with the controlling sentencing statute" is illegal. *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) (quotation marks omitted). NRS 574.100(1)(a) prohibits cruelty to animals. A first-time violation of that section, without more, is a misdemeanor offense and subject to imprisonment for not more than six months. *See* NRS 574.100(7)(a)(1). However, if an offender "willfully and maliciously violates [NRS 574.100(1)(a)]," he "is guilty of a category D felony and shall be punished as provided in NRS 193.130." NRS 574.100(6)(a). And a category D felony is subject to a sentence of imprisonment of "a minimum term of not less than 1 year and a maximum term of not more than 4 years." NRS 193.130(2)(d).

In his motion, Blockson contended that, because his information, guilty plea agreement, and judgment of conviction refer only to section (1)(a) of NRS 574.100, he is entitled to be sentenced for a misdemeanor. While the documents mention only NRS 574.100(1)(a) in connection to that offense, the information and the guilty plea agreement described the offense as a category D felony, and the information further provides that Blockson committed the offense "willfully, unlawfully, maliciously, and feloniously." The plea agreement reflects both parties stipulated to a sentence of 19 to 48 months in prison. And during the plea canvass, Blockson stated he understood the possible sentencing range to be that for the felony and that he committed the offense "willfully, unlawfully, maliciously, and feloniously." Based on these facts, it is clear that Blockson pleaded guilty to, and was sentenced in accordance with, felony animal cruelty under NRS 574.100(6)(a). And because the district court imposed Blockson's sentence in accordance with NRS 574.100(6)(a), Blockson did not demonstrate that his sentence was illegal. Therefore, we conclude the district court did not err by denying this claim.

We note, however, that the judgment of conviction contains a clerical error. A judgment of conviction must include sentencing statutes. NRS 176.105(1)(c). Blockson's judgment of conviction did not refer to either NRS 574.100(6)(a) or 193.130(2)(d). However, a clerical error "may be corrected by the court at any time." NRS 176.565. Accordingly,

we direct the district court, upon remand, to enter an amended judgment of conviction that includes the proper sentencing statutes. We therefore remand this matter to the district court for the limited purpose of correcting the clerical error in the judgment of conviction.

Blockson also claimed that the State maliciously prosecuted him. This claim fell outside the narrow scope of claims permissible in a motion to modify or correct a sentence. *See Edwards*, 112 Nev. at 708, 918 P.2d at 324. Therefore, we conclude the district court did not err by denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED AND REMAND this matter to the district court for the limited purpose of correcting the judgment of conviction. [Footnote: We conclude the district court did not err by denying Blockson's motion for the appointment of counsel.]

Order of Affirmance and Remanding to Correct the Judgment of Conviction, Exh. 100 (ECF No. 39-15).

Blockson's claim in Ground 1 in this case, in its entirety, is as follows:

I allege that my state court conviction and/or sentence are unconstitutional in violation of my 14[th] Amendment right to due process of law based on these facts: I received 19 to 48 months in prison on Count 1—cruelty to animals—a category D felony in violation of NRS 574.100(1)(a). The sentence is illegal on its face. There is no category D felony under NRS 574.100(1)(a). A violation of NRS 574.100(1)(a) is a misdemeanor and shall be punished pursuant to NRS 574.100(7)(a–b) unless as otherwise provided by NRS 574.100(6)(a–b). A court can correct an illegal sentence at any time. [*Passanisi v. State*, 108 Nev. 318, 321, 831 P.2d 1371, 1372 (1992)]. "Motion[s] to correct an illegal sentence[s] evaluate whether the sentence imposed on the defendant is at variance with the controlling statute, or illegal in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided" (quoting *Allen v. United States* 495 A.2d. 1145, 1149 (D.C. 1985).

*Id*. at 3. Essentially, his claim is that "[t]here is no category D felony under NRS 574.100(1)(a)," and that, therefore, his felony sentence violates his federal constitutional right to due process of law.

Blockson asserted this claim in state court in his March 25, 2021, motion to modify or correct illegal sentence. *See* Motion to Modify or Correct Illegal Sentence, Exh. 81 (ECF No. 38-21). Both the state district court and the Nevada Court of Appeals rejected the claim, with extensive discussion of the state-law aspects of the claim but with no substantive discussion of the federal constitutional aspect of the claim. *See*

Order, Exh. 86 (ECF No. 39-1); Order of Affirmance and Remanding to Correct the

Judgment of Conviction, Exh. 100 (ECF No. 39-15).

28 U.S.C. § 2254(d) (enacted as part of the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA)) sets forth the standard of review generally applicable to

claims previously asserted and resolved on their merits in state court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme

Court precedent, within the meaning of 28 U.S.C. § 2254(d)(1), "if the state court

applies a rule that contradicts the governing law set forth in [the Supreme Court's]

cases" or "if the state court confronts a set of facts that are materially indistinguishable

from a decision of [the Supreme Court] and nevertheless arrives at a result different

from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). A state court decision is an

unreasonable application of clearly established Supreme Court precedent, within the

meaning of 28 U.S.C. § 2254(d)(1), "if the state court identifies the correct governing

legal principle from [the Supreme Court's] decisions but unreasonably applies that

principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*,

529 U.S. at 413). The "unreasonable application" clause requires the state court

decision to be more than incorrect or erroneous; the state court's application of clearly

established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at

409). The analysis under section 2254(d) looks to the law that was clearly established

by United States Supreme Court precedent at the time of the state court's decision.

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (AEDPA standard is "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)). Where the state court summarily denies a claim without discussion of the claim, a presumption exists that the state court adjudicated the claim on the merits, unless "there is reason to think some other explanation for the state court's decision is more likely." *Harrington*, 562 U.S. at 99–100. In such a case, applying § 2254(d)(1), the federal habeas court "must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102.

The entire premise of Blockson's claim—that "[t]here is no category D felony under NRS 574.100(1)(a)"—is a matter of state law and is completely undermined by the ruling of the Nevada Court of Appeals. A state court's interpretation of state law provides no basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Accepting the Nevada Court of Appeal's construction of Nev. Rev. Stat. § 574.100 as authoritative, as it must, this Court determines that the premise of Blockson's federal constitutional claim fails: the crime Blockson pled guilty to and was convicted of, malicious and willful cruelty to an animal under NRS 574.100(1)(a), *is* a category D felony. Therefore, Blockson's claim in Ground 1 is meritless. The Nevada Court of Appeals' denial of relief on the claim was not contrary to or an unreasonable application of Supreme Court precedent and was not based on an unreasonable

determination of the facts in light of the evidence presented. The Court will deny

Blockson's habeas petition.

**B.    Blockson's Motions**

On October 12, 2022, Blockson filed a motion to expand the record (ECF No.

60). In that motion, Blockson requests that the record be expanded to include the

Nevada Court of Appeals' order dismissing the appeal from the denial of his

August 13, 2021, Motion to Overturn and Vacate Conviction for Outrageous

Government Conduct and Recusal of Judge Weiss and District Attorney's Office. The

Court will grant Blockson's motion to expand the record and considers that order of the

Nevada Court of Appeals (Exh. 1 to Petitioner's Motion to Expand Record (ECF No.

60)) to be part of the record.

On October 12, 2022, Blockson also filed a motion for summary judgment

(ECF Nos. 61, 63), and he filed an amended motion for summary judgment on

October 18, 2022 (ECF No. 63). Respondents filed an opposition to that motion

(ECF No. 67) and Blockson filed a reply (ECF No. 71). The Court will deny Blockson's

motion for summary judgment.

On October 21, 2022, Blockson filed a "Motion to Authenticate Record on

Appeal" (ECF No. 64). Respondents filed an opposition to that motion (ECF No. 68) and

Blockson filed a reply (ECF No. 74). The Court will deny this motion.

On October 24, 2022, Blockson filed an "Emergency Plea for Physical Protection

from the State of Nevada" (ECF No. 66). On November 3, 2022, Respondents filed a

motion to strike that filing (ECF No. 69). The Court will deny Blockson's motion as well

as Respondents' motion to strike.

On November 18, 2022, Blockson filed a letter to the Clerk of the Court (ECF No.

70), requesting that the Clerk send him "numbered legal paper for the purpose of motion

[writing]." The Court will deny this motion.

///

///

C.    **Certificate of Appealability**

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

Applying the standard articulated in *Slack*, the Court finds that a certificate of appealability is unwarranted. The Court will deny Blockson a certificate of appealability. (This does not, however, preclude Blockson from filing a notice of appeal in this case in this Court, and thereby seeking a certificate of appealability from the court of appeals.)

IV.    **CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Expand Record (ECF No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment (ECF Nos. 61, 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Authenticate Record on Appeal (ECF No. 64) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Plea for Physical Protection from the State of Nevada (ECF No. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Strike (ECF No. 69) is **DENIED**.

1      **IT IS FURTHER ORDERED** that Petitioner's request for legal paper (ECF No.

2  70) is **DENIED**.

3      **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus

4  (ECF No. 9) is **DENIED**.

5      **IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability.

6      **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter

7  judgment accordingly and close this case.

8      **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure

9  25(d), Gabriela Najera is substituted for William Hutchings as the respondent warden.

10  The Clerk of the Court is directed to update the docket to reflect this change.

11

12      DATED THIS __5__ day of ___December___, 2022.

13

14

15  GLORIA M. NAVARRO
    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28